**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAVARES HAMILTON, and DARIELLE HAMILTON,<br>Plaintiffs, | ) | No. 12-CV- |
| v. | ) | Judge |
| CITY OF CHICAGO, and CURRENTLY UNKNOWN CHICAGO POLICE OFFICERS, and others not presently known to Plaintiff<br><br>Defendants. | ) | Jury Demanded |

**COMPLAINT**

NOW COME the plaintiffs Tavares Hamilton and Darielle Hamilton, by their attorneys, Mark F. Smolens, Law Office of Mark F. Smolens, and Richard R. Mottweiler, Mottweiler & Associates, and as their complaint against the defendants, state the following:

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendantsô actions of November 15, 2011 which violated plaintiffsô rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for claims arising under Illinois law.

**Parties and Jurisdiction**

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 and this Courtôs supplemental and ancillary jurisdiction under Title 28 U.S.C. Section 1367. Venue in this District is predicated upon Title 28 U.S.C. Section

1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois..

3. At all times material hereto, the plaintiffs, Tavares Hamilton and Darielle Hamilton, were residents of the City of Chicago, County of Cook, State of Illinois, in this District, and entitled to be free from unlawful search and seizure, and the malicious conduct of police officers employed by the municipal defendant.

4. The City of Chicago is a municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the City of Chicago was the employer of certain police officers, whose identities remain currently unknown to plaintiffs and their counsel, who were involved in varying degrees in the events at issue. 5. At all times material hereto defendant unknown officers were sworn law enforcement officer employed by the City of Chicago, Illinois. At all times material hereto said defendant unknown officers were acting under color of state law and within the scope of their employment with the City of Chicago.

6. Plaintiff sues all of the unknown defendant police officers in their individual capacities.

**Common Facts**

7. On November 15, 2011 at approximately 9 p.m., plaintiff Darielle Hamilton was driving, along with two passengers ï her nephew plaintiff Tavares Hamilton and a friend, Wadell McKinney ï in a vehicle traveling northbound on Leamington at or about its intersection with Division Street in the City of Chicago.

8. At no time was either of the plaintiffs engaged in any unlawful lawful conduct as the vehicle traversed the streets of Chicago on November 15, 2011.

9. At that time, two unmarked City of Chicago detective vehicles, each of which contained four unknown Chicago police officers, without legal cause or justification, stopped, detained, and seized the vehicle in which the plaintiffs Darielle and Tavares Hamilton were a driver, and passenger, respectively.

10. At no time did plaintiffs consent to their vehicle being stopped, detained, or seized.

11. There were no outstanding arrest warrants for either of the plaintiffs.

12. There was no legal cause to seize either of the plaintiffs, as the defendants knew or reasonably should have known that no probable cause existed to seize either individual.

13. Each of the three occupants of the vehicle were removed from the car and separated, and one or more officers then began searching, or rather ransacking, the vehicle which belonged to plaintiff Darielle Hamilton.

14. Plaintiff Darielle Hamilton was then moved to the rear of her vehicle by two white male Chicago police officers.

15. Plaintiff Darielle Hamilton was then roughly frisked and fondled in the area of her breasts and chest by one of those officers, while the other officer laughed and made rude and intemperate comments.

16. Plaintiff Darielle Hamilton was then required to remove her shoes, and the contents of her purse were strewn across the back of her car and onto the street.

17. The unknown officers at no time located any contraband or other illegal materials in the vehicle which belonged to plaintiff Darielle Hamilton.

18. Plaintiff Tavares Hamilton, after being removed from the vehicle, was then slammed face first onto the hood of the vehicle by at least three unknown police officers.

19. One of those unknown officers removed a plastic bag containing what appeared to be some type of contraband from his own pocket, showed it to plaintiff Tavares Hamilton and advised Hamilton that if he did not get the officers a gun, then the officer would charge plaintiff Hamilton with possession of the drugs he had removed from his own pocket, and see to it that plaintiff Hamilton was sent back to the penitentiary.

20. Plaintiff Tavares Hamilton was then handcuffed, placed in the rear of one of the unmarked squad cars, and then removed from the scene by three of the unknown police officers.

21. The vehicle was driven to the area of Central and Division Streets, and in the alley behind a gas station plaintiff Tavares Hamilton was forced to exit the vehicle and to strip off all of his clothing.

22. As plaintiff Tavares Hamilton stood completely naked in the alley, one of the officers placed his cell phone number in plaintiff Hamiltonȭs cell phone, and again advised the plaintiff that they knew he was on parole, and that if he did not call to provide them with a gun that he would be charged with possession of the contraband that the officer had removed from his own pocket.

23. The officers then drove away, and Tavares Hamilton contacted his cousin Darielle, who came and picked him up.

24. Plaintiffs Darielle Hamilton and Tavares Hamilton had at no time violated any laws or committed any crimes on November 15, 2011

25. The following day, plaintiffs Tavares and Darielle Hamilton called 611 seeking to file a complaint against the officers who had abused them the previous day, and the plaintiffs were ultimately placed in touch with Officer Mike Barz from the Chicago Police Departmentôs Internal Affairs Division.

26. After hearing plaintiffsô story, Officer Barz set up a sting operation, whereby officers from internal affairs planted a gun in the wheel well of a vehicle, and then set up a surveillance of that vehicle.

27. Internal affairs officers then listened in while Tavares Hamilton called the number of the unknown officer that had been placed in his cell phone, advising that officer where the gun (which had been placed by Internal Affairs) was located.

28. Plaintiff Tavares Hamilton was present at the location of the sting when the unknown officer arrived at the vehicle where internal affairs had secreted the gun, and observed as the unknown officer arrived at the location and picked up the weapon.

29. Plaintiff Tavares Hamilton was asked to, and did, pick out a photograph of the officer from a photo array provided by Officer Mike Barz.

30. On information and belief, some type of internal disciplinary charges were filed against one or more of the unknown officers involved in the incident involving plaintiffs Darielle Hamilton and Tavares Hamilton, but the City of Chicago and its Office

of Internal Affairs have, to date, refused to provide plaintiffs or their counsel any information as to the identity of the officers or the disposition (if any) of those charges.

31. By reason of the above-described acts and omissions of the unknown defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

32. The aforementioned acts of the unknown defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffsôrights and justify the awarding of exemplary and punitive damages.

33. By reason of the above-described acts and omissions of the unknown individual defendants, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneysôfees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**Count I - Fourth Amendment (§ 1983 claims)**
**<u>Darielle Hamilton Against Unknown Individual Defendants</u>**

34. Plaintiff Darielle Hamilton adopts and re-asserts the allegations of paragraphs one through thirty-three above, as and for the allegations of this paragraph thirty-four.

35. The search, seizure, detention, and physical abuse of plaintiff Darielle Hamilton took place without probable cause and was unreasonable.

36. By reason of the conduct of the individual defendants, plaintiff Darielle

Hamilton was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

37. These actions by the unknown individual defendants proximately caused injuries and damages to plaintiff Darielle Hamilton.

**Count II - Fourth Amendment (§ 1983 claims)**
**Tavares Hamilton Against Unknown Individual Defendants**

38. Plaintiff Tavares Hamilton adopts and re-asserts the allegations of paragraphs one through thirty-three above, as and for the allegations of this paragraph thirty-eight.

39. The search, seizure, detention, physical abuse and subsequent strip search of plaintiff Tavares Hamilton took place without probable cause and was unreasonable.

40. By reason of the conduct of the individual defendants, plaintiff Tavares Hamilton was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

41. These actions by the unknown individual defendants proximately caused injuries and damages to plaintiff Tavares Hamilton.

**Count III - State Law Battery Claim**
**Darielle Hamilton Against All Defendants**

42. Plaintiff Darielle Hamilton adopts and re-asserts the allegations of paragraphs one through thirty-three above, as and for the allegations of this paragraph

forty-two.

43. As described above, the unknown individual defendant officers, employees of the City of Chicago, intended to cause, and did cause, a harmful and offensive contact with plaintiff Darielle Hamilton during her detention on November 15, 2011.

44. This misconduct was undertaken by the unknown individual defendant officers within the course and scope of their employment as City of Chicago police officers, was objectively unreasonable, took place with malice, and was willful and wanton.

45. Defendant City of Chicago is liable as principal for all torts committed by its employees, here, the unknown individual defendant police officers.

46. As a direct and proximate result of the acts of the unknown defendant officers, employees of the municipal defendant, plaintiff Darielle Hamilton was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**Count IV - State Law Intentional Infliction Claim**
**Both Plaintiffs Against All Defendants**

47. Plaintiffs Darielle Hamilton and Tavares Hamilton adopt and re-assert the allegations of paragraphs one through thirty-three above, as and for the allegations of this paragraph forty-seven.

43. As described above, the unknown individual defendant officers, employees of the City of Chicago, engaged in conduct that was extreme and outrageous when they knew, or should have known, that their actions would cause

severe and emotional distress to each of the plaintiffs.

44. This misconduct was undertaken by the unknown individual defendant officers within the course and scope of their employment as City of Chicago police officers, was objectively unreasonable, took place with malice, and was willful and wanton.

45. Defendant City of Chicago is liable as principal for all torts committed by its employees, here, the unknown individual defendant police officers.

46. As a direct and proximate result of the acts of the unknown defendant officers, employees of the municipal defendant, plaintiffs Darielle Hamilton and Tavares Hamilton were injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, plaintiffs Darielle Hamilton and Tavares Hamilton respectfully request this Honorable Court to enter a judgment against the City of Chicago and the unknown individual defendants for compensatory damages in the amount of $350,000; against each of the unknown individual defendants for punitive damages in the amount of $300,000; plus, an award to the plaintiffs pursuant to Title 28 U.S.C. § 1988 for attorneyꞌs fees and costs, in addition to any other relief from this Court deemed just and proper.

Respectfully Submitted,

/s/ Mark F. Smolens
One of the attorneys for plaintiffs

**MARK F. SMOLENS #6190482**
**LAW OFFICE OF MARK F. SMOLENS**
**1627 Colonial Parkway - Suite 301**
**Inverness, Il 60067**
**773 - 580-4982**
**ryansmolensjones@hotmail.com**

**RICHARD R. MOTTWEILER #3123509**
**MICHAEL G. CANNON #6296028**
**NICOLE L. BARKOWSKI #6295834**
**MOTTWEILER & ASSOCIATES**
**312-259-0234**
**tcblaw@aol.com**